**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ARROWOOD INDEMNITY COMPANY, | CIVIL ACTION NO. 09-760 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| SUN MANAGEMENT, INC., et al., | |
| Defendants. | |

**THE COURT** ordering the plaintiff to show cause why the Court should not (1) dismiss the Complaint for lack of jurisdiction, see 28 U.S.C. § 1332, or (2) abstain from exercising jurisdiction, see Wilton v. Seven Falls Co., 515 U.S. 277, 280-90 (1995) (upholding Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942)) (dkt. entry no. 7, Order to Show Cause ("OTSC")); and the plaintiff bringing this action ("Federal Action") for a judgment declaring that it is not obligated to defend and indemnify the defendants in certain state court actions ("State Actions") (dkt. entry no. 1, Compl.); and

**THE COURT** explaining (1) that the plaintiff failed to properly assert the citizenship of the defendant Sunrise At Jefferson LLC, and (2) the proper way to determine citizenship (see OTSC at 2-5); and the Court advising the plaintiff that if it failed to demonstrate jurisdiction by March 18, 2009, then it would be deemed to be in support of dismissal (id. at 6); and the plaintiff failing to respond to the Order to Show Cause; and

**THE COURT** also being concerned that (1) the plaintiff is — or will be — named in the State Actions or other similar actions

as defendants, as third-party defendants, or in some other capacity, or (2) a determination as to any claims arising in this Federal Action will necessarily affect — and thus interfere with — the State Actions or other similar actions (id. at 3-4); and it appearing that if either is the case, then the Court must abstain from exercising jurisdiction (id. at 3); and the Court advising the plaintiff that if it failed to address this issue by March 18, 2009, then it would be deemed to be in support of abstention (id. at 6); and the plaintiff failing to respond to the Order to Show Cause; and the defendants advising the Court "that the Plaintiff is now named in a State court action which is substantially similar to the [Federal Action]", and "Defendants have filed a third State Court Action naming [the plaintiff] as a defendant, and seek, among other things, a declaratory judgment that [the plaintiff] must continue to defend the Defendants in the [State Actions]" ("State Declaratory Judgment Claim") (dkt. entry no. 11, 3-18-09 Defs. Letter; id., Defs. Br. at 1; see id., Regan Aff., Ex. A, State Declaratory Judgment Claim); and

    **IT APPEARING** that the Federal Action (1) is a declaratory-judgment action involving insurance-coverage issues, (2) is restricted to state-law issues, and (3) raises issues that are now pending in both the State Actions and the State Declaratory Judgment Claim, see Atl. Mut. Ins. Co. v. Gula, 84 Fed.Appx. 173, 174 (3d Cir. 2003) (affirming judgment dismissing complaint for, inter alia, same reasons); and

**IT APPEARING** that it is "irrelevant" that the Federal Action was brought earlier than the State Declaratory Judgment Claim, State Auto Ins. Cos. v. Summy, 234 F.3d 131, 136 (3d Cir. 2001) (directing district court to dismiss insurer's declaratory-judgment complaint, even though it was filed before insured brought state-court declaratory-judgment action); see Empire Fire & Marine Ins. Co. v. Bennett, No. 05-4097, 2006 WL 932176, at *3 (D.N.J. Apr. 10, 2006) (staying insurer's declaratory-judgment action based on other party's mere "stated intent" to bring state-court declaratory-judgment action against insurer); and it appearing that the Court must "promote judicial economy by avoiding duplicative and piecemeal litigation", Summy, 234 F.3d at 135; and it further appearing that "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum", id. at 136; and

**THE COURT** thus intending to (1) grant the Order to Show Cause, and (2) dismiss the Complaint (a) for lack of jurisdiction under 28 U.S.C. § 1332, and (b) pursuant to the abstention doctrine set forth in Wilton and Brillhart; and for good cause appearing, the Court will issue an appropriate Order and Judgment.

                                                s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge

Dated:  March 20, 2009